NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY v. COPLEN, ADMINISTRATOR.

[No. 14,919. Filed March 27, 1935.]

*Harken & Irwin, Orville W. Nichols, Townsend, Thomas & Hilgeman,* and *W. J. Stevenson,* for appellant.

*Arthur Metzler,* and *William J. Reed,* for appellee.

SMITH, C. J.—Appellee brought this action against appellant for damages for the wrongful death of appellee's decedent, which occurred October 7, 1930, by reason of an automobile colliding with appellant's train in Fulton county, Indiana.

The complaint was in two paragraphs, each alleging negligence of the appellant in the manner appellant ran its locomotive and passenger train over a highway crossing. The first paragraph alleges negligence on the part of appellant in failing to give the statutory signals at said crossing; the second alleges practically the same set of facts with the additional charge that appellant had negligently placed on the highway at said crossing loose material consisting principally of coarse cinders, and that on the day of the accident, appellant negligently and carelessly maintained said highway so that appellee's decedent and other travelers could only use the same with difficulty.

To this complaint appellant filed an answer in general denial. The cause was submitted to a jury for trial, which resulted in a verdict for appellee upon which judgment was rendered.

Certain interrogatories were submitted to be answered by the jury. These interrogatories were answered by the jury, and their answers returned with the general verdict. Appellant filed its motion for judgment on the interrogatories and answers notwithstanding the general verdict, which was overruled, such ruling being assigned as error. Appellant then filed its motion for new trial, which was overruled, this ruling also being assigned as error. These were the only errors assigned for reversal.

In the motion for new trial, appellant alleges the following grounds: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the

jury is contrary to law; (3) the giving by the court of its own motion instructions Nos. 2 and 3; and (4) in giving appellee's instructions Nos. 5, 8, 10 and 12.

The principal question stressed by appellant in its brief and in the oral argument was that the answers to the interrogatories show that appellee's decedent was guilty of contributory negligence. This question was also raised under the error assigned in overruling the motion for new trial by the grounds that the verdict was not sustained by sufficient evidence and was contrary to law.

We will not attempt to set them out in *haec verba*, for it would unduly extend the opinion, but the substance of the answers to those interrogatories, which appellant claims show appellee guilty of contributory negligence, is as follows:

On the 7th day of October, 1930, at about 11:05 a. m., Oris E. Coplen was struck by a passenger train at the second highway crossing of the appellant company north of Tiosa, Indiana; that said highway runs over said crossing north and south; that the appellant railroad at this place is a single track, and crosses said highway at an angle of 21 degrees, northeast and southwest; that said Coplen had lived about 2,400 feet north of this crossing since the first day of March, 1930, but had not passed over this crossing often; that there was a whistling post about 2,250 feet north of the crossing, and also a crossing whistling post about 1,500 feet north of said crossing; that the station of Tiosa was about one mile from the whistling post first referred to; that there was a cut in the railroad right of way that begins about 1,000 feet from the crossing to the north, and that the crossing whistling post was in about the deepest part of the cut; that there was a round metal disc railroad crossing sign about 318 feet from the crossing; that at the time of the accident there was a field of

clover to the north and northwest between the highway and railroad track, and some trees along the railroad right of way; that the rails of the track were about five feet above the level of the field; that the appellant's passenger train consisted of an engine, tender, and two cars, in all about 210 feet in length; that the engine weighed about 120 tons, and extended about 14 feet above the rails at the smoke stack; that at the time of the accident the train in question was running at a speed of from 50 to 60 miles per hour, and the engine thereon was equipped with a whistle and bell; that the bell at the time of approaching the crossing was ringing, and had been ringing continuously from the time the train left Argos, seven or eight miles north of the crossing in question; that the engineer, when about 100 feet north of the whistling post, gave one long blast for the station at Tiosa, which was answered by the conductor with an air signal to the engineer indicating he should stop at the station; that the engineer did not give any whistle signals for the crossing in question; that at the time Coplen was about 50 feet north of the crossing, the fireman on the engine first saw him, and he was moving about 20 to 25 miles per hour, traveling south on said highway; that the automobile proceeded onto the railroad track, and was struck by the train at or near the right side of the back of said automobile; that the weather on this date was cloudy; that there was a dip or depression in the highway about 70 feet north of the crossing; that when Coplen was at a point on the highway east of the southern end of the cut, he could not see the track as he proceeded south to the crossing; that from a point 300 feet north of the crossing to a point in the highway 70 feet from the railroad track he could not have seen the train in question had he looked toward the northwest; that in traveling toward the south in order to see the train coming from

the northwest he would have had to turn nearly around in the seat, and look over his shoulder to his back; that he could have stopped his automobile when he was 70 feet away before reaching the crossing; that when he was 54 feet from the crossing he could have seen the train in question, had he looked to the northwest; that when he was at a point 50 feet from the crossing he could have stopped his automobile and avoided being hit, had he been traveling with ordinary care; that at the time of the accident a 6-inch layer of loose cinders on top of the highway extended from the rail to the north several feet and made traveling difficult.

The answers further show that when Coplen was opposite the crossing railroad sign he could not have seen the train had he looked carefully to the northwest, but if he had seen the train he could have stopped his automobile before reaching the crossing, and in time to have avoided the accident; that there was a tree 305 feet north on the east side of the right of way fence of the railroad about 20 to 30 feet high, which had branches with a spread of about 12 feet; that there was another tree about 8 feet high on the east side of the east right of way fence about 75 feet north of the tree last mentioned; that there was another tree about 7 feet high 50 feet farther north; that there was also a line of telegraph poles north of the crossing in question.

Some of the answers to the interrogatories are contradictory. However, taking them all together, we think that they do not show appellee guilty of contributory negligence as a matter of law.

The burden of proving contributory negligence in this action was upon appellant; and there was no evidence, nor do the interrogatories show any conduct upon the part of appellee's decedent that he was guilty of contributory negligence; in fact, according to the answers to the interrogatories and the evi-

dence in the case, no one saw appellee's decedent but the fireman on the engine when the engine was 100 feet from the crossing, going 50 to 60 miles an hour, and the appellee's decedent was about 50 feet from the crossing.

There is no evidence in the record disclosing what appellee's decedent did as he approached the crossing —whether he stopped, whether he looked and listened; in fact, no evidence as to what care, if any, he exercised while approaching the crossing. In order for appellant to defeat a recovery on the ground of contributory negligence of appellee's decedent, appellant must show such conduct by appellee's decedent as would amount to contributory negligence under the law. The law is so well settled, and has been stated so many times by this and the Supreme Court of this state, we do not deem it necessary to state the general rules controlling this court in passing upon this question of the correctness of the court's ruling in refusing to render a judgment upon the answers to the interrogatories, notwithstanding the general verdict. Suffice it to say that we do not believe that the answers to the interrogatories, under the issues as framed, entitle appellant to a judgment.

In considering the assigned error in overruling appellant's motion for new trial, what we have said about the answers to the interrogatories will apply, for the facts are not essentially different from those set forth in the answers to the interrogatories.

The railroad passed through a deep cut in the right of way which began about 1,000 feet from this crossing to the north. The whistling post was located at the deepest part of this cut. There is evidence to the effect, and the answers to the interrogatories conclusively show, that the crossing whistle was not sounded. The jury also had a right to take all of

these things into consideration in passing upon the question of appellee's decedent's conduct. While it is true that the evidence discloses, and the answers to the interrogatories themselves show, that at some points along the highway appellee's decedent might have seen the train, had he been looking at that particular point, the law does not require him to look or listen at any precise distance from the crossing and it does require him to exercise reasonable care to select a place where such acts will be reasonably effective.

There is no evidence showing what the conduct of appellee's decedent was when he approached this crossing except the statement of the fireman aforesaid. He was not shown to have been driving at a reckless rate of speed, and the situation of the railroad crossing, the highway at such an acute angle, and the highway being filled with loose cinders placed there by appellant, all could be taken into consideration in passing upon the question of appellee's· decedent's conduct in approaching the crossing.

There is sufficient evidence to sustain the verdict, and the verdict is not contrary to law.

On the question of the instructions submitted by the court of its own motion, instruction No. 2 about which complaint· is made uses the word *"defendant"* when it is apparent that the word *"plaintiff"* should have been used. This sentence is:

"And if you should find that the *defendant* has made out his case, or established the material averments of the complaint by a fair preponderance of the evidence, then the plaintiff would be entitled to recover in this action."

Surely the jury could not have been misled by the use of the word "defendant" instead of "plaintiff."

The criticism of the court's instruction No. 3 is like that to No. 2 above. The instruction reads:

"It is the law that even though the *defendant* may have been careless in approaching the crossing in question, yet if the *defendant* through any carelessness of his in approaching the crossing in any way contributed to the accident which caused his injury, and death, then the *plaintiff* could. not recover."

It is apparent upon the face of this instruction that the court inadvertently used the word "defendant," so this instruction could not be said to have harmed appellant.

Instruction No. 5 tendered by appellee is complained of, but we think it is not subject to the attack made thereon. Appellant claims that it unduly emphasizes what might be considered on the issue of contributory negligence. This instruction calls attention to the condition of the track, the highway, the acute angle of the intersection, and other matters, and then says that the jury could take these circumstances into consideration *with all the other conditions and circumstances proved in the case* upon the question as to whether the defendant was guilty of contributory negligence. We think the instruction proper. (Our italics.)

Instruction No. 8 tendered by appellee is not subject to the criticism lodged against it, and was proper. We do not think it was confusing, or that it could have misled the jury.

Instructions Nos. 10 and 12 tendered by appellee have to do with the subject of due care of the traveler in approaching the railroad crossing. We think both of them clearly state the law.

We have not set out these instructions for they are quite lengthy, but what we have said about them states their import.

When reading the instructions as a whole, those given by the court of its own motion, and those given that were tendered by appellee and appellant, we think the

jury was fairly and fully instructed upon all phases of the case.

The court did not err in overruling appellant's motion for a verdict on the answers to the interrogatories, nor in overruling its motion for a new trial.

Judgment affirmed.